IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
at Clarksburg

**ANTERO RESOURCES CORPORATION**
**f/k/a ANTERO RESOURCES APPALACHIAN**
**CORPORATION,**

     Plaintiff,

v.                                                  Case No. 1:13-cv-246 (Keeley)

**PERFORMANCE PIPELINE, LLC,**     Electronically filed: November 7, 2013

     Defendant.

## COMPLAINT

For its Complaint against the Defendant, the Plaintiff, Antero Resources Corporation ("Antero"), formerly known as Antero Resources Appalachian Corporation, states as follows:

### I.  PARTIES

1.    Plaintiff, Antero Resources Corporation, is a Delaware corporation, with its principal place of business in Colorado.

2.    Defendant is a West Virginia limited liability company with its principal place of business in West Virginia.

### II.  JURISDICTION

3.    Pursuant to 28 U.S.C. § 1332, subject matter jurisdiction and personal jurisdiction are proper in this Court because there is diversity of the parties, the amount in controversy exceeds $75,000.00, the claims arise out of state common law, which are fully enforceable by this District Court, and the Defendant performed business and construction activities in the forum state, committed breaches of contract in the forum state, and thus has minimum contacts with the forum sufficient to establish jurisdiction.

## III.  VENUE

4.     Pursuant to 28 U.S.C. § 1391, venue in this Court is proper because the breaches of contract were committed by Defendant and the project in question is located in West Virginia and within the territory of this District Court.

## IV.  FACTS

5.     On or about April 4, 2013, Antero entered into a binding and enforceable contractual agreement with the Defendant to perform certain construction work along Antero's pipeline right of way. See Master Construction Services Agreement attached as Exhibit 1 ("MCSA").

6.     Defendant further entered into a binding and enforceable contractual agreement with Antero to perform certain pipeline construction activities along certain portions of Antero's pipeline right of way, such as those activities reflected on the "Mountain Sow" attached as Exhibit 2.

7.     Antero issued a notice to proceed to Defendant on April 9, 2013.

8.     Defendant breached the MCSA and additional documents setting forth construction activities (collectively referred to herein as "the contract") at various times by various acts and omissions as more fully set forth herein and as the evidence may further establish, thus materially breaching its contractual obligations to Antero and entitling Antero to damages.

9.     Antero is not required to make payments demanded by Defendant due to the material breaches of contract.

10.    As the breaching party, the Defendant is not entitled to enforcement of the contract against Antero.

11.    Various portions of Defendant's work were defective, deficient, and/or of poor workmanship, thus resulting in a material breach of the contract by Defendant.

12.    After unsatisfactory performance, including but not limited to various breaches of contract and poor workmanship, Defendant abandoned the project and failed to complete the Work.

13.    On or about August 1, 2013, Antero terminated the contract due to Defendant's various acts, omissions, failures, poor workmanship, and/or breaches of the contract.

14.    The MCSA required that Defendant proceed with work after receipt of a work order granting permission to proceed with specific work activities. See Exhibit 1, para. 2.

6391287

15. Defendant failed to proceed with work after receipt of a specific work order and/or failed to do so properly.

16. The MCSA required that Defendant's work "shall be done with the utmost skill, care, and diligence, in a good and workmanlike manner, in accordance with the terms of this Agreement and the highest industry standards of performance and in a timely manner[.]"  See Exhibit 1, para. 3.1.

17. Defendant failed to complete the work to install the pipeline(s) and the work was of poor quality, requiring Antero to hire additional contractors to complete the work and make repairs for which Antero incurred costs of approximately $1,519,000.

18. Due to Defendant's poor workmanship and negligence, Antero was required to re-grade and repair portions of the right of way, stabilize ditches, re-dig and/or fill in ditches, rework areas of the two-tone, and reinstall certain E&S measures.

19. Antero directed Defendant to concentrate on an area of concern or areas of concern but Defendant repeatedly ignored those directives and proceeded with unnecessary ditching resulting in too much open ditch being exposed and project delays.

20. Defendant had insufficient equipment and insufficiently experienced personnel working on the project.

21. Defendant's poor workmanship and negligence caused pipe joints to slide off their transport causing damage.

22. Defendant's poor workmanship and negligence caused a piece of heavy equipment to roll over causing the project to shut down.

23. Defendant failed to perform its work with the utmost skill, care, and diligence, in a good and workmanlike manner, in accordance with the terms of the contract and the highest industry standards of performance and in a timely manner.

24. The MCSA required that Defendant and its subcontractors and their employees "are sufficiently experienced and fully trained to perform the Work[.]"  See Exhibit 1, para. 3.1.

25. Defendant's poor workmanship and other breaches of contract evidence that the Defendant was not sufficiently experienced and fully trained to perform the Work.

26. The MCSA required that Defendant "perform the Work in a safe and environmentally conscientiously manner, taking all reasonable and necessary actions, including, but not limited to, those required by any Governing Regulation, Company Policy, and/or Site specific work rules and prudent industry practices to protect persons, property, and the environment."  See Exhibit 1, para. 3.2.

6391287

27. Defendant failed to perform the Work in a safe and environmentally conscientiously manner, taking all reasonable and necessary actions, including, but not limited to, those required by any Governing Regulation, Company Policy, and/or Site specific work rules and prudent industry practices to protect persons, property, and the environment.

28. The MCSA required the Defendant "to keep the Site and surrounding area free from waste and unnecessary material accumulations caused by Contractor's operations." See Exhibit 1, para. 3.2.

29. Defendant failed to keep the Site and surrounding area free from waste and unnecessary material accumulations caused by Contractor's operations.

30. The MCSA required that Defendant "shall be solely responsible for any and all cleanup, removal, remediation, damages, fines, penalties, or other expenses in the event of any such discharge or release." See Exhibit 1, para. 3.2.

31. Defendant failed to exercise and/or accept sole responsibility for any and all cleanup, removal, remediation, damages, fines, penalties, or other expenses in the event of any such discharge or release.

32. The MCSA required that "[f]or a period of one (1) year from the completion of any Work, any Work found to be defective or noncompliant with the terms of [MCSA] Article 3 or any provision of this Agreement or any Order shall (at Company's sole option) be promptly removed, replaced, or corrected by Contractor without additional charge to Company." See Exhibit 1, para. 3.4.

33. Defendant has failed to promptly remove, replace, or correct, without additional charge to Antero, Work that was found to be defective or noncompliant.

34. The MCSA required and Defendant warranted that all of Defendant's employees and other personnel that it brought to the Site in connection with the Work were "(i) well trained, disciplined, qualified, experienced, and (if necessary) certified, and (ii) competent and (if necessary) licensed and certified to perform that portion of the Work to which he has been assigned." See Exhibit 1, para. 3.5.

35. The Defendant failed to ensure that all employees or other personnel brought to the Site in connection with the Work were (i) well trained, disciplined, qualified, experienced, and (if necessary) certified, and (ii) competent and (if necessary) licensed and certified to perform that portion of the Work to which he had been assigned.

36. The MCSA required that Defendant ensure that the "number of personnel used in connection with the Work shall be sufficient and appropriate to ensure a satisfactory quality of Work and at a rate of progress that will ensure completion of the Work within the agreed time." See Exhibit 1, para. 3.5.

6391287

37.     The Defendant failed to ensure that the number of personnel used in connection with the Work shall be sufficient and appropriate to ensure a satisfactory quality of Work and at a rate of progress that would ensure completion of the Work within the agreed time.

38.     The MCSA provided that "Contractor's Default shall entitle Company, in its sole discretion and without limiting any other remedies available to Company, to terminate this Agreement and/or any Order in accordance with Section 4.3[.]"  See Exhibit 1, para. 3.9.

39.     The Defendant was in Default as the term is defined in the MCSA.  Therefore, Antero was entitled to terminate the MCSA and any work order.

40.     The MCSA provides that the "Company shall be entitled to terminate this Agreement and/or Order immediately in the event of Default by Contractor that is not cured within five (5) days of written notice (which serves as the Termination Notice for the purposes of this Section 4.3)."  See Exhibit 1, para. 4.3.

41.     The Defendant was in Default under the MCSA.  Therefore, Antero was entitled to terminate the MCSA and/or any work order.

42.     The MCSA provided that "[t]o the extent that Company cannot recover its costs to complete the Work from monies due to Contractor, Company shall invoice Contractor for the difference.  Contractor shall pay the same to Company within thirty (30) days after the receipt of said invoice."  See Exhibit 1, para. 4.3.

43.     Defendant's Invoice # MP 413 26 HDPE-2 dated August 1, 2013, demanded payment in the amount of $315,450.00 for work to clear and prep the right of way for the 26" HDPE, but Defendant failed to perform the work required to clear and prep the right of way for the 26" HDPE.  Accordingly, Antero is not obligated to pay said invoice.  Furthermore, pursuant to the MCSA, Antero has been required to and/or will hire another contractor to complete this project, for which Defendant is liable to Antero for any costs incurred to complete the work.

44.     Antero has been unable to recover its costs to complete the Work from monies due to Defendant.  Antero has invoiced Defendant for the difference but Defendant has refused to reimburse Antero.  Therefore, Antero is entitled to recover those monies from Defendant as damages.

45.     The MCSA provides that the Defendant warrants that "it has fully investigated and incorporated into the compensation (i) the conditions at and around the Site; (ii) the complications, hazards, and risks incident to the Site and/or performing the Work; and (iii) the availability of labor, tools, material, supplies, equipment, and transportation necessary to perform the Work."  See Exhibit 1, para. 5.

46. The Defendant has submitted payment requests to Antero relating to (i) the conditions at and around the Site; (ii) the complications, hazards, and risks incident to the Site and/or performing the Work; and (iii) the availability of labor, tools, material, supplies, equipment, and transportation necessary to perform the Work. These payment requests are not valid because the activities and expenses related thereto were required to be incorporated into the base compensation agreed to by Defendant. Therefore, any such payment requests are not valid and Antero is not obligated for payment of the same.

47. The MCSA provides that the "Company will pay Contractor for Work satisfactorily rendered" per the rates agreed. See Exhibit 1, para. 10.1.

48. The Defendant did not satisfactorily render various portions of the Work. Antero paid the Defendant for all Work satisfactorily rendered. Antero is not obligated to make further payments to the Defendant for Work not satisfactorily rendered.

49. The MCSA provides that "in the event of an Immediate Termination, Company shall only be obligated to pay Contractor the amount earned for Work satisfactorily performed prior to the Termination Date, and Contractor shall not be entitled to any expenses, costs, and/or amounts for services, equipment, labor, goods, and/or materials that were incurred or committed in anticipation of Work to be performed in the absence of an Immediate Termination." See Exhibit 1, para. 10.5.

50. Antero has paid Defendant all amounts earned for Work satisfactorily performed prior to the termination date. Therefore, Antero is not obligated to make further payments to Defendant.

51. The MCSA provides that the "Company shall have the right to deduct from any payment due to Contractor any damages caused in any way by Contractor's Default." See Exhibit 1, para. 10.7.

52. The Defendant caused damages to Antero for which Antero has made some deductions from amounts due to Defendant. Therefore, Antero is not obligated to make further payments to Defendant as demanded.

53. The MCSA requires and the Defendant warranted "that all Work shall be performed in compliance with all Governing Regulations and Company Policies. In the event of Contractor's breach of this Section 11.1, Company shall be entitled to terminate this Agreement pursuant to Section 4.3." See Exhibit 1, para. 11.1.

54. The Defendant's Work, in certain respects, was not performed in compliance with all Governing Regulations and Company Policies; therefore, Antero's termination of the Agreement was proper.

55. The MCSA requires that Defendant reimburse Antero for any charges that Antero "may be required or deem necessary to pay on account of Contractor Group for compliance with any Governing Regulations." See Exhibit 1, para. 11.3.

6391287

56.     Antero may be required to pay and/or may deem it necessary to pay certain charges on account of Defendant's failure to comply with certain Governing Regulations. Therefore, Defendant is liable to Antero for those amounts.

57.     The MCSA requires that "Contractor shall remove Contractor Group's material and equipment from any Site, and shall clean up all Sites in a diligent, good, and workmanlike manner and dispose of Contractor Group's waste and trash in a lawful manner."  See Exhibit 1, para. 16.

58.     Defendant failed to remove Contractor Group's material and equipment from the Site, and failed to clean up all Sites in a diligent, good, and workmanlike manner and dispose of Contractor Group's waste and trash in a lawful manner.  Antero incurred costs and expenses to do so.  Defendant is therefore liable to Antero for those costs and expenses.

59.     The MCSA provides that "Contractor shall be fully responsible for the acts or omissions of its subcontractors, and of persons either directly or indirectly employed by them."  See Exhibit 1, para. 18.2.  Therefore, Defendant is not relieved of liability to Antero for the acts, omissions, and/or breaches described herein due to the same being committed or allowed by a subcontractor or employee of Defendant.

## V.   COUNT ONE (Declaratory Judgment)

60.     Antero incorporates by reference herein paragraphs 1 through 59 as set forth above.

61.     Antero files this Complaint for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, to seek a declaration regarding its rights and obligations pursuant to the MCSA, attached as Exhibit 1 and "Mountain SOW" attached as Exhibit 2 and other such documents setting forth required construction activities.

62.     There exists an actual and justiciable controversy whether under the Contract and applicable facts Antero is obligated to make further payments to Defendant as demanded.

63.     Based upon the terms of the Contract, the facts, and the applicable law, Antero fulfilled its contractual obligations to Defendant and is not obligated to make further payments to Defendant.  Antero properly terminated the Contract, and owes no damages or other amounts to Defendant.

## VI.   COUNT TWO (Breach of Contract)

64.     Antero incorporates by reference herein paragraphs 1 through 63 as set forth above.

6391287

65. As set forth above, Defendant committed multiple material breaches of the contract, for which the contract was properly terminated, resulting in Antero incurring various damages due to Defendant's breaches of contract.

66. Defendant's performance was in various respects substandard, unworkmanlike, and below the standards required by the contract.

67. Defendant's acts, omissions, and breaches caused or contributed to Antero incurring damages including but not limited to:

   a. repair costs in the amount of at least $1,195,653.00;
   b. delay damages for lost production in the estimated amount of $60,000.00 per day for 30 days totaling approximately $1,800,000.00;
   c. attorney's fees; and
   d. annoyance and inconvenience.

68. Defendant is liable to Antero for these damages in the amount of at least $2,995,653.00.

WHEREFORE, Antero Resources Corporation prays that the Court declare (1) that Antero has fulfilled its contractual obligations to Defendant, (2) that Antero is not liable to Defendant for the payments and charges asserted by Defendant as set forth in this Complaint or as the evidence may show, and (3) that the Court enter judgment in favor of Antero against Defendant Performance Pipeline, LLC, in the amount of at least $2,995,653.00 for the damages set forth in this Complaint and as the evidence may more fully establish, including attorney's fees, litigation costs, other costs, expenses, and such other relief as this Court deems just.

STEPTOE & JOHNSON PLLC
   Of Counsel

/s/ Eric J. Hulett
Eric J. Hulett (WV Bar #6332)
1250 Edwin Miller Blvd., Suite 300
Martinsburg, WV 25404
(304) 262-3519
(304) 262-3541 Fax
eric.hulett@steptoe-johnson.com

W. Henry Lawrence (WV Bar # 2156)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000
(304) 933-8183 Fax
hank.lawrence@steptoe-johnson.com

Attorneys for Antero Resources Corporation

6391287